The following constitutes
the order of the court. Signed March 04, 2011

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CEDAR FUNDING, INC.,<br><br>        Debtor(s). | Case No. 08-52709 CN<br>(Consolidated with Case No. 08-53670)<br>Chapter 11<br><br>**MEMORANDUM DECISION AND ORDER ON LECG, LLC'S MOTION FOR PARTIAL RECONSIDERATION** |

On February 4, 2011, this court heard the motion for partial reconsideration filed by LECG, LLC ("LECG") relating to this court's oral ruling of December 12, 2010 which denied, in part, LECG's second, interim fee application. All appearances were noted on the record. For the reasons stated below, this court denies the motion for reconsideration.

LECG was retained by the Chapter 11 trustee in July 2008 to provide accounting services and litigation support required by the trustee and his counsel to address the Ponzi scheme that was at the heart of the debtors' operations. On December 21, 2010, this court conducted a lengthy hearing on LECG's second, interim fee application. The fee application sought $1,384,233.75 in fees, which represented more than 5,000 hours of billable time for the October 1, 2008 - July 31, 2009 time period. The fee application included more than a hundred project codes, and involved services ranging from the preparation of the bankruptcy estate's tax returns, the review and re-creation of the

debtors' bank records, to litigation support for the Chapter 11 trustee's counsel.

Two of the more significant project codes were "Task Categories" 40 and 40.10. Task Category 40 represented LECG's work preparing an "Historical Cash Receipt and Disbursement Analysis" for more than 50 bank accounts held in the debtors' names and the names of their principals. LECG billed 1,569.70 hours in this category and sought $351,771.00 for this work. LECG conducted the work at a blended rate of $220/hour over a period of several months. Its time records demonstrated that LECG commenced this project almost immediately after its appointment, and that several of its employees regularly billed more than 10 hours a day on this project. LECG requested full compensation for all of the hours billed on this project. In support of its request, LECG stated that this work was critical to the Chapter 11 trustee's ability to determine the extent of the Ponzi scheme, identify potential fraudulent transfer avoidance actions, quantify the equity in the real property held by the consolidated bankruptcy estates and aid the trustee in consolidating the two estates.

Task Category 40.10 included 277.50 hours relating to the "Coding of General Cash Receipts and Disbursements." LECG asserted that this work was necessary to make LECG's cash receipts and disbursement analysis accessible to the Chapter 11 trustee and his counsel. These billable hours totaled $55,907.50.[1]

The court carefully reviewed LECG's second, interim fee application and the requirements of Bankruptcy Code § 330, and, during the hearing, reviewed each of the more than 100 task categories in the fee application. The court awarded 75% of the fees requested in task categories 40 and 40.10. The court noted that the fees sought in Task Category 40 were roughly equivalent to one

---

[1] LECG also had several other "coding task" categories, including but not limited to coding for interest payments to fractionalized investors(23.2 hours); fees paid to Nilsen (the debtor's insider) (12.20 hours), loan funding and draws (8 hours); CFI account redemptions & payoffs (17.10 hours), and borrower monthly payments & loan payoffs (7.80 hours).

2

year of billable time for the average attorney or accountant and that the hours billed, and the uncertain return to unsecured creditors, required that all professionals exercise significant billing judgment. The court was concerned that these hours were billed with insufficient consideration to the probable cost to the estate and questioned whether any senior LECG employee had carefully reviewed the billed time to determine if its request for all of its fees in this task category was appropriate. The court concluded that the amount of time billed was excessive. See Unsecured Creditors' Comm. v. Pudget Sound Plywood, 924 F.2d 955 (9th Cir. 1991). The court had the same concerns for the time billed in Task Category 40.10. Regardless, the court still allowed 75% of the considerable time billed in these two task categories, awarding LECG, $263,828.25 for Task Category 40, and $41,930.62 for Task Category 40.10.

On December 31, 2010, LECG filed a pro se motion for partial reconsideration of this court's fee order. Specifically, it seeks reconsideration of this court's awards for Task Categories 40 and 40.10. LECG contends that the court did not fully appreciate the significance of the work performed in these two task categories, that LECG billed the time at a low, blended rate, and that it performed the work as efficiently as possible. LECG requests that the court fully award the fees sought in both categories, and thus seeks an additional $87,942.75 for Task Category 40 and $13,976.88 for Task Category 40.10.

The court must first consider whether LECG may file a motion for reconsideration under F.R.B.P. 9024 without representation. LECG did not retain an attorney to file its motion for reconsideration. Instead, the motion is signed by David Judd, who is a non-attorney employee of LECG. Local Rule 9010-1 states in pertinent part that a non-individual entity may only appear through an attorney in an adversary proceeding or contested matter. Local Rule 9010-1(c) does, however, allow non-individuals, such as LECG, to file its own fee application. LECG's motion for reconsideration is not a fee application, but instead a motion filed under F.R.B.P. 9024. The motion refers to various Federal Rules of Civil Procedure, cites to case law regarding the standard to be used for reconsideration motions, and has two declarations submitted in its support. LECG's pro se

**DECISION AND ORDER ON MOTION**

1  motion violates Local Rule 9010-1, and Local Rule 9011-1 authorizes the court to impose
2  appropriate sanctions. The court, in its discretion, will not impose sanctions. The court understands
3  that LECG did discuss this issue with counsel before filing its motion, and the parties apparently
4  concluded that LECG did not need counsel. Given the court's ruling, the court presumes that LECG
5  will not file such a motion without counsel in the future.

7  The court denies the motion for reconsideration. To succeed on this motion, LECG must
8  (1) present newly discovered evidence, (2) show clear error, or (3) show an intervening change in
9  controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th
10 Cir. 2009). LECG's motion demonstrates none of these elements. Instead, LECG's motion simply
11 states that the court failed to consider the significance of the work done in the two task categories.
12 The court fully appreciated LECG's work on these two projects and does not question the need for
13 this work in general. The court was concerned, however, that LECG had not fully reviewed the
14 hours billed and considered whether the thousands of hours spent on these tasks were proportionate
15 and appropriate to the cost and potential recovery, and whether all of this time was truly necessary.
16 When asked at the February 4th hearing what efforts LECG had made to exercise billing judgment,
17 LECG offered no substantive response. Instead, it simply reiterated the importance of the work, a
18 factor that the court had already considered. The court therefore concludes again that too much time
19 was spent on these projects, that LECG's senior partners did not ask themselves whether the time
20 was appropriate, and whether it should exercise some billing judgment and reduce its fees in light of
21 the number of hours spent and the type of work that was done.

22                              * * * END OF ORDER * * *

Case No. 08-52709 CN

## COURT SERVICE LIST

Cecily A. Dumas
Friedman, Dumas and Springwater
33 New Montgomery St. #290
San Francisco, CA 94105

David H. Judd, CPA
LECG, LLC
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

Official Committee of Unsecured Creditors
c/o Ron M. Oliner
Duane Morris LLP
One Market Plaza, Spear Street Tower, Suite 2000
San Francisco, CA 94105-1104

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004